# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDPIPER MANAGEMENT, LLC, a California Limited Liability Company,<br><br>                              Plaintiff,<br><br>        vs.<br><br>JP MORGAN CHASE & CO, a Delaware corporation, *et al.*,<br><br>                              Defendants. | CASE NO. 10cv1802 DMS (AJB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>**[Docket No. 2]** |

This matter comes before the Court on Plaintiff's motion to remand this case to San Diego Superior Court. Defendant JP Morgan Chase & Co. filed an opposition to the motion, and Plaintiff filed a reply. After a thorough review of the issues, the Court grants Plaintiff's motion.

## I.
## BACKGROUND

Plaintiff Sandpiper Management, LLC filed the present case on June 8, 2010, in San Diego Superior Court. The original Complaint alleged twelve claims for relief: (1) breach of contract, (2) specific performance, (3) inducing breach of contract, (4) fraud, (5) breach of covenant of good faith and fair dealing, (6) intentional interference with contractual relations, (7) intentional interference with prospective economic relations, (8) negligent interference with prospective economic relations, (9) price

///

1 fixing, (10) declaratory relief, (11) civil Racketeer Influenced and Corrupt Organization Act ("RICO") under 18 U.S.C. § 1962(c) and (12) civil RICO under 18 U.S.C. § 1962(d).

On June 10, 2010, Plaintiff mailed a copy of the Summons and Complaint to Defendant JP Morgan Chase & Co. pursuant to California Code of Civil Procedure § 415.50.[1] Service under that statute became effective on June 20, 2010.

On June 23, 2010, defense counsel called counsel for Plaintiff to discuss the Complaint. (Decl. of Jorge I. Hernandez in Supp. of Mot. to Remand ("Hernandez Decl.") ¶ 12.) Plaintiff's counsel informed defense counsel "that a First Amended Complaint was being drafted since the dismissal of Defendant Jo Schaumloffel would render two causes of action moot." (*Id.*) Plaintiff's counsel informed defense counsel "he need not respond to the Complaint and to wait for the forthcoming First Amended Complaint (FAC) to respond." (*Id.*) Defense counsel confirmed that agreement in a letter to Plaintiff's counsel dated June 28, 2010. (Objections to Reply Br., Ex. A.)

On July 9, 2010, Plaintiff filed the First Amended Complaint, and mailed a copy thereof to defense counsel with a Notice and Acknowledgment of Receipt. (Hernandez Decl., Ex. D.) Defense counsel executed that form on July 30, 2010. On August 27, 2010, Defendant removed the case to this Court.

## II.

## DISCUSSION

Plaintiff moves to remand this case to state court on the ground that the removal was untimely. The time limits on removal are set out in 28 U.S.C. § 1446(b), which states:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

---

[1] California Code of Civil Procedure § 415.50 provides: "A summons may be served on a person outside this state in any manner provided by this article or be sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt. Service of a summons by this form or mail is deemed complete on the 10th day after such mailing." Cal. Code Civ. P. § 415.50.

28 U.S.C. § 1446(b). The thirty-day time limit is mandatory, and is intended "to prescribe a uniform time frame, at the beginning of immediately removable actions, within which removal will be effected. The goal is early resolution of the court system in which the case will be heard." 14C Wright, *et al.*, *Federal Practice & Procedure* § 3731 (4th ed. 2010). The time limit "may not be enlarged by act of the Federal Court, by act of the State Court or by mere consent of the Plaintiff to extend the time for removal." *Transport Indemnity Co. v. Financial Trust Co.*, 339 F.Supp. 405, 407 (C.D. Cal. 1972). "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

Here, Plaintiff served a copy of the Complaint on Defendant on June 20, 2010. Therefore, according to 28 U.S.C. § 1446(b), Defendant should have filed its Notice of Removal on or before July 20, 2010. Defendant does not dispute that its Notice of Removal was filed beyond that deadline, but nonetheless argues that its removal was timely.

First, Defendant argues that the Court should not consider service of the initial Complaint as the starting point for the removal clock because Plaintiff did not raise this argument in its opening brief. Although arguments raised for the first time in a reply brief are generally considered waived, *Burlington Northern & Santa Fe Railway Co. v. Vaughn*, 509 F.3d 1085, 1093 n.3 (9th Cir. 2007), courts have discretion to consider these arguments. *See El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1040 (9th Cir. 2003) (finding district court did not abuse its discretion in considering argument raised for first time in reply brief). Here, Defendant raised and addressed the issue in its opposition brief and in its objections to Plaintiff's reply brief. Therefore, Defendant cannot claim prejudice from Plaintiff's failure to raise this specific argument in its opening brief. Furthermore, although Plaintiff failed to raise this specific argument in its opening brief, the Court must follow the controlling law, and that law, as applied to the facts of this case, states that the removal clock begins upon service of the original Complaint. Accordingly, the Court will consider this argument.

On the merits, Defendant contends that the First Amended Complaint superseded the original Complaint, and should therefore be treated as the "initial" pleading for purposes of Section 1446(b).

1  Notably, Defendant fails to cite any authority to support this argument. Indeed, it is contrary to the
2  statute, which states that an amended pleading restarts the removal clock only "[i]f the case stated by
3  the initial pleading is not removable[.]" 28 U.S.C. § 1446(b). Here, the basis for removal, Plaintiff's
4  civil RICO claims, was evident in the original Complaint. Accordingly, the First Amended Complaint
5  did not restart the removal clock.

6  Next, Defendant argues Plaintiff is estopped from challenging the timeliness of the removal in
7  light of the filing of the First Amended Complaint. To prevail on this argument, Defendant must show
8  reasonable reliance. *See Wachovia Bank, N.A. v. Deutsche Bank Trust Co. Americas*, 397 F.Supp.2d
9  698, 704 (W.D.N.C. 2005) (stating estoppel requires showing of reasonable reliance). Defendant
10 attempts to make that showing by pointing to the representation of Plaintiff's counsel "that [Defendant]
11 did not need to respond to the original Complaint because a FAC was being prepared for filing and
12 service[.]" (Opp'n to Mot. at 10.) However, the case law is clear that the time limit provided in Section
13 1446(b) "may not be enlarged by act of the Federal Court, by act of the State Court or by mere consent
14 of the Plaintiff to extend the time for removal." *Transport Indemnity Co.*, 339 F.Supp. at 407. *See also*
15 *Harris Corp. v. Kollsman, Inc.*, 97 F.Supp.2d 1148, 1151 (M.D. Fla. 2000) (stating plaintiff cannot
16 stipulate to allow defendant to remove after expiration of statutory time period because that right
17 "belongs to Congress alone.") Accordingly, to the extent Defendant relied on the representation of
18 Plaintiff's counsel, that reliance was not reasonable, and thus there is no basis for finding estoppel.

19 Defendant also relies on the representation of Plaintiff's counsel to support its argument that
20 Plaintiff waived its right to challenge the timeliness of removal. "Like any other federal right, plaintiff
21 may waive its right to object to removal on timeliness grounds." *Harris*, 97 F.Supp.2d at 1151.
22 However, to find waiver, "Plaintiff's representations must take the form of affirmative conduct or
23 unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to
24 remand." *Id.* at 1152. Here, Plaintiff's counsel informed defense counsel that he would be filing a First
25 Amended Complaint, and that Defendant need not respond to the original Complaint. Plaintiff's counsel
26 told defense counsel to wait for the First Amended Complaint. It does not appear that counsel discussed
27 the issue of removal, nor does it appear that Plaintiff engaged in any "affirmative conduct or
28 unequivocal

1 / / /

2 assent" that would evidence a waiver of the statutory time for removal. In the absence thereof, the Court
3 declines to find Plaintiff waived his right to challenge the timeliness of Defendant's removal.

4     Defendant's only remaining argument is that granting the motion to remand would promote
5 gamesmanship, but the Court disagrees. As set out above, the time limitations in Section 1446(a) are
6 mandatory, 14C Wright, *et al.*, *Federal Practice & Procedure* § 3731, and application of those time
7 limits to the facts of this case promotes consistency and fulfills the purpose of the statute, which is
8 "early resolution of the court system in which the case will be heard." (*Id.*) Based on the facts of this
9 case, Defendant has not shown that its Notice of Removal was filed within the time provided in Section
10 1446(b).

## III.

## CONCLUSION

13     For these reasons, the Court grants Plaintiff's motion to remand, and declines to award Plaintiff
14 any attorneys fees.

15 **IT IS SO ORDERED**.

16 DATED: October 15, 2010

18                               HON. DANA M. SABRAW
                               United States District Judge